IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF AL-
PHONSO H. BOWERS, JR. AND WIFE, MARVA W. BOWERS AND ARCO,
INC., GRANTORS v. ALPHONSO H. BOWERS, JR., MARVA W. BOWERS AND
ARCO, INC., RESPONDENTS; AMERICAN FEDERAL SAVINGS AND LOAN
ASSOCIATION, PETITIONER

No. 8418SC955

(Filed 21 May 1985)

Mortgages and Deeds of Trust § 17.1— construction loan refinanced—second mort-
gage invalid—first mortgage not cancelled—foreclosure on first mortgage prop-
er

The trial court did not err by entering an order allowing petitioner to
foreclose under the terms of a deed of trust entered into in February 1982
where the deed of trust had been given in exchange for a loan of $140,000 to
build a "spec." house; respondents had needed additional time and money to
complete and sell the house; the parties entered into a second note and deed of
trust, substituting them for the February 1982 note and deed of trust; peti-
tioner drew a check for $140,000, closed the loan account and opened a new ac-
count for $196,800 but did not surrender or cancel the February 1982 note and
deed of trust; and the second deed of trust was not valid because it did not
contain the signatures of the respondents as officers of their wholly owned cor-
poration, which held title to the lot. Failure of respondents to affix the proper
signatures to the second deed of trust caused it to be invalid and amounted to
a substantial failure of consideration which rendered the second agreement a
nullity and revived the parties' duties under the original February 1982 agree-
ment for which the second agreement had been substituted. G.S. 45-21.16.

APPEAL by respondents from *Cornelius, Judge.* Order
entered in Superior Court, GUILFORD County, on 22 May 1984.
Heard in the Court of Appeals 18 April 1985.

This case concerns a foreclosure on a deed of trust securing a
note given for a construction loan.

On 24 February 1982, petitioner American Federal Savings
and Loan Association loaned respondents Alphonso and Marva
Bowers and Arco, Inc., a corporation which the Bowers wholly
owned, $140,000 for the construction of a single-family "spec.
house." Respondents executed a note and deed of trust in ex-
change for the loan, giving as security the lot on which the "spec.
house" was to be built and any improvements erected on it. Title
to the lot was taken in the name of Arco.

In August 1982, the house had not been finished, and no
buyer had been found. The respondents asked petitioner for addi-
tional money and an extension of the construction period.

In September 1982, petitioner agreed to increase the loan amount from $140,000 to $196,800 and to extend the construction period. The agreement also provided that the interest rate on the loan would be reduced and that petitioner would receive additional interest payable out of the proceeds of sale of the "spec. house."

The parties agreed to document these changes in a new note and deed of trust, which were substituted for the original note and deed of trust. The lien on the property established by the first deed of trust was to continue to secure petitioner's loan to respondents.

At the closing of the second transaction, the closing attorney had Mr. and Mrs. Bowers sign the substitute note and deed of trust individually, but failed to have them sign as officers of Arco. Because Arco held record title to the property, the new deed of trust signed only by Mr. and Mrs. Bowers in their individual capacities was invalid.

Petitioner disbursed the new loan funds. It made a check payable to itself and Alphonso Bowers in the amount of $140,000. It closed its ledger card for the original loan, marking it "paid," and established a new card to reflect the terms agreed to in the September loan agreement. The original note and deed of trust were not marked satisfied and cancelled as of record.

Within a day or two after the closing, the closing attorney realized his mistake and through his secretary requested that Mr. and Mrs. Bowers return to his office to correct the error. They did not do so. Mr. and Mrs. Bowers claim they were not notified by the closing attorney of any error in the September 1982 agreement. Mr. Bowers testified by way of affidavit that he understood that the September loan was made in his and his wife's individual names to avoid any problems petitioner might encounter from various federal regulatory agencies if a joint venture agreement was disclosed. The closing attorney did not notify petitioner of the mistake until the summer of 1983.

In May 1983, petitioner commenced foreclosure proceedings on the second note and deed of trust. These foreclosure proceedings were not completed, apparently because the second deed

of trust was not valid due to the fact that the signers, Mr. and Mrs. Bowers, were not owners of the subject property.

Petitioner then instituted a second foreclosure proceeding, which is the subject of this appeal, on the original deed of trust. A hearing was held before the Assistant Clerk of Guilford County Superior Court, who entered an order authorizing the substitute trustee to proceed under the power of sale contained in the first deed of trust. Respondents appealed pursuant to G.S. 45-21.16(d) to the Superior Court. After de novo review, the Superior Court entered an order authorizing the substitute trustee to foreclose on the property under the power of sale contained in the first deed of trust. The respondents appeal from this order.

*Hunter, Hodgman, Greene, Goodman & Donaldson, by Richard M. Greene, for respondent appellants.*

*Edward C. Winslow III for petitioner appellee.*

ARNOLD, Judge.

The primary issue on appeal is whether the Superior Court properly entered an order allowing the petitioner, American Federal Savings and Loan, to foreclose under the terms of a deed of trust entered into in February 1982.

The petitioner entered into the February deed of trust with respondents in exchange for a loan to build a house. This deed of trust gave petitioner a lien on the house to be built with the loan proceeds and on the land on which it was located. Respondents, however, needed additional time and money to complete construction and to sell the house. The petitioner agreed to extend the construction period and to lend respondents more money.

The parties therefore entered into a second note and deed of trust, substituting them for the first note and deed of trust. Both the second note and deed of trust reflected the increased loan amount; the deed of trust continued the lien on the property established under the first deed of trust. At the time of the closing, petitioner drew a check for $140,000 and closed the loan account, and opened a new account in the amount of $196,800 in respondents' names. Petitioner did not surrender or cancel the first note and deed of trust.

The second deed of trust, however, was not valid because it did not contain the signatures of the respondents Mr. and Mrs. Bowers in their capacities as officers of Arco, Inc. Arco, Inc. was titleholder of the property which was the subject of the liens and two deeds of trust.

The respondents claim that whether or not the second deed of trust was valid, the petitioner paid off the debt evidenced by the first note and deed of trust when it drew the check for $140,000, applied it to the original loan account, and opened a new account. Respondents argue that petitioner lacks a valid debt and therefore a right to foreclose under the first deed of trust.

Petitioner argues that because the second deed of trust was invalid, there was no consideration for the second loan agreement and, therefore, for the payment of the obligation evidenced by the first note and deed of trust. Petitioner contends that failure of consideration for the second loan transaction restores the parties' duties under the first transaction for which the second was substituted.

We agree that the second deed of trust was given by respondents as security for the second loan, which was used to pay off the first loan. We agree also that the parties intended the second note and deed of trust to replace and be substituted for the original note and deed of trust. The trial judge's findings to this effect are supported by competent evidence in the record.

Failure of the respondents to affix the proper signatures to the second deed of trust caused it to be invalid and amounted to substantial failure of consideration for the second loan agreement. Failure of consideration renders the second loan agreement a nullity, *see Gore v. Ball, Inc.*, 279 N.C. 192, 199, 182 S.E. 2d 389, 393 (1971), and revives the parties' duties under the original loan agreement, for which the second agreement was substituted, *see* Restatement (Second) of Contracts § 279, Comment b (1979).

The original debt then is still valid and in force. Respondents are in default under it, for they have failed to refinance successfully or to make direct repayment. Petitioner still holds the original note, and the original deed of trust has not been cancelled of record at any time. Petitioner therefore has a right to foreclose under the original deed of trust. *See* G.S. 45-21.16.

Affirmed.

Judges PHILLIPS and COZORT concur.